IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RONZELL MITCHELL, #21155-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv750 |
| | | CRIM. NO. 4:13CR00130-001 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Ronzell Mitchell, an inmate confined at U.S.P. Lewisburg, brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the motion.

Background

On February 6, 2014, after a plea of guilty, Mitchell was sentenced to 46 months of imprisonment for the offense of mail fraud, in violation of 18 U.S.C. § 1341. Following the Government's motion for a reduction pursuant to Federal Rule of Criminal Procedure 35(b), the Court amended the judgment on March 11, 2014, reducing the sentence to 31 months of imprisonment. On appeal, his attorney filed a no merit brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The Fifth Circuit agreed with counsel's assessment and dismissed the appeal as frivolous. *United States v. Mitchell*, 616 F. App'x 755 (5th Cir. Sept, 29, 2015). Mitchell then filed a motion to modify his sentence, which was denied on November 2, 2015.

The present motion was filed on October 23, 2015. Mitchell alleges that he was denied the right to effective assistance of counsel because his attorney, Phillip Lender, represented both himself

1

and Roslyn Long despite a blatant conflict of interest. The Court observes that Ms. Long is discussed in paragraphs 7, 10 and 11 of Mitchell's Presentence Investigation Report. She was convicted of the offense of conspiracy to commit mail fraud in Case Number 4:12CR00248-001. The Government filed a response (docket entry #6) on December 8, 2015. Mitchell filed a reply (docket entry #7).

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.*

The conflict of interest issue was fully developed in a hearing conducted on May 30, 2013. The people in attendance at the hearing included Mitchell, Long, defense attorney Linder and Assistant United States Attorney J. Andrew Williams. The transcript shows the following:

> Mr. Linder: Your Honor, if I may approach. I had both clients sign a waiver of conflict of interest just for the Court's record if we need it. I know you want to put it on the record, but I had them do that.

2

| | |
|---|---|
| The Court: | Yes, that's fine. Has Mr. Williams seen those? |
| Mr. Williams: | I perused them, Your Honor. We would ask the Court to still conduct a dialogue between the two, but that's -- I don't think it's a sufficient enough inquiry, but it certainly doesn't hurt. I have no objection. |
| Mr. Linder: | Your Honor, Mr. Mitchell is here. |
| The Court: | Okay. Very good. And, Mr. Mitchell, we're here first on a motion for inquiry the government filed in both of your cases, and let's just make sure -- Ms. Long, you'll be -- Is that okay? The order there? |
| The Reporter: | That's fine. |
| The Court: | And, of course, the issue is that the government wants us to inquire regarding whether or not there's a conflict of interest with the fact that Mr. Linder is representing both of y'all. And the reason that is is because, based on what I understand the government is representing as the facts, is that Ms. Long -- who has already pled guilty to a conspiracy to commit mail fraud, a violation of 18 United States Code, Section 1349 -- the information alleged that she conspired with an individual named RM, and that RM refers to Ronzell Mitchell. And, so, Mr. Linder representing both, that set up a question of conflict.<br><br>Okay. And let me -- we'll start off and we'll just have Mr. Mitchell answer these questions first.<br><br>Have you discussed the issue of this potential conflict of interest with Mr. Linder? |
| Mr. Mitchell: | Yes, sir. |
| The Court: | And have you, also? |
| Ms. Long: | Yes, sir. |
| The Court: | And do you understand there's a potential for conflict even though you're both -- Mr. Mitchell, you're planning on entering a plea of guilty, as well, today, but until the case is over, there's still -- got a potential that a conflict could arise if there's problems later during sentencing. Do you understand that? |
| Mr. Mitchell: | Yes, sir. |
| Ms. Long: | Yes, sir. |
| The Court: | And, Mr. Linder, do you -- the government or Mr. Linder, do you have any idea whether there would be an actual conflict arise? |

| | |
|---|---|
| Mr. Linder: | No, Your Honor. And just for the record, I'll go ahead and let the Court know, I've been involved -- in fact, Your Honor, you appointed me on a case styled United States versus John Berry three years ago, which was a 60-defendant mortgage fraud indictment. |
| The Court: | I do remember that case. |
| Mr. Linder: | And that stemmed, of course, a bunch of other smaller indictments and a bunch of other investigations on mortgage fraud in the North Dallas and Plano area.<br><br>Ms. Long came to me two years ago being investigated, and so, I went and we did several debriefings. And then Mr. Mitchell hired me -- they kind of know each other, but they have both debriefed and given information on lots of other people, which is why they're not being indicted, they're doing informations and waiving that. The information they have each given has been consistent. They've cooperated. There's been multiple meetings. So, we've all been on the same page kind of from Day One.<br><br>He came to me second. Ms. Long came to me first, but when he came to me, they both knew this was all going on, so . . . |
| The Court: | Okay. And let me ask, do you agree with what Mr. Linder just indicated? |
| Ms. Long: | Yes, sir. |
| The Court: | Well, I need to have -- that's fine, but we'll have Mr. Mitchell answer first in the order y'all are in. |
| Mr. Mitchell: | Yes, sir. |
| The Court: | That's fine. I'm think -- I'm sure she got it, but I just wanted to make -- try to keep it orderly so the record is clear.<br><br>Now, do both of you understand that you have a right to have conflict-free counsel? |
| Mr. Mitchell: | Yes, sir. |
| Ms. Long: | Yes, sir. |
| The Court: | And although as we stand here today, Mr. Linder is not aware of any conflict -- but something could come up later and you understand that -- I mean, I can't conceive right now what that would be but there's always a chance of conflict -- between the two of you or something breaks down before sentencing. Do you understand that? |

4

Mr. Mitchell:  Yes, sir.

Ms. Long:  Yes, sir.

The Court:  Mr. Williams, you're not aware of any conflict?

Mr. Williams:  I'm not aware of any at this time, You Honor.

The Court:  Now, I know that each of you have entered into waiver of conflicts. And have you been provided a copy?

Mr. Williams:  Yes, Your Honor. She gave us copies.

The Court:  Is that your signature, each of you?

Mr. Mitchell:  Yes, sir.

Ms. Long:  Yes, sir.

The Court:  And it states that -- your name and that you're a defendant in the above-styled case, and you're each charged with mail fraud, and it says that the attorney representing you in this case is Phillip A. Linder and that he represents the other, as well, on a similar charge in a related indictment.

Mr. Linder:  Actually, that should say information, Your Honor. That's my typo.

The Court:  It should say related information -- and that you understand that because of the representation of each of you, he may have a conflict of interest representing each of you and that you fully understand that you have a right to have a conflict-free counsel representing you and that you waive and give up any right you have now or in the future to object on the grounds that your lawyer has or may have had a conflict of interest because of the joint representation. Considering that, you want to waive that and your desire is to have Mr. Linder represent you. Is that correct?

Mr. Mitchell:  Yes, sir.

Ms. Long:  Yes, sir.

The Court:  And that's why you went ahead and executed the waiver form?

Mr. Mitchell:  Yes, sir.

Ms. Long:  Yes, sir.

| | |
|---|---|
| The Court: | And do you feel like you need to talk to another counsel? Does the Court need to make available another counsel? Do you think there's any reason you need to talk to somebody else about the potential conflict of interest? |
| Mr. Mitchell: | No, sir. |
| Ms. Long: | No, sir. |
| The Court: | Mr. Williams, do you have any other questions? |
| Mr. Williams: | I do not, Your Honor. |
| The Court: | Okay. I'll go ahead and accept the waiver of conflict and have those filed in each of your records and I'll allow Mr. Linder to go ahead and represent both of you. I just want to make sure one last time you understand that later, whether it's after sentencing -- maybe you don't get the sentence you'd like -- I'm not sure if there's an 11(c)(1)(c) or whatever in this case. But later down the road, you're not going to be able to challenge, whether by appeal or filing a habeas, trying to say that you didn't have conflict-free counsel if you discover something later. Do you understand that? |
| Mr. Mitchell: | Yes, sir. |
| Ms. Long: | Yes. sir. |
| The Court: | And you still want to proceed with Mr. Linder as your counsel? |
| Mr. Mitchell: | Yes, sir. |
| Ms. Long: | Yes, sir. |
| The Court: | Okay. Well, I'll let you do that. |

Transcript (docket entry #53), pages 3-10.

Subsequently, during the same hearing, Mitchell entered a plea of guilty to the information charging him with mail fraud. He signed a plea agreement in conjunction with his plea of guilty. In conjunction with the plea agreement, he waived the following rights: (1) to plead not guilty, (2) to have a trial by jury, (3) to have guilt proved beyond a reasonable doubt, (4) to confront and cross-examine witnesses and to call witnesses in defense, and (5) to not be compelled to testify against oneself. Plea Agreement ¶ 1. He stipulated that he understood the nature and elements of the offense. Plea

6

Agreement ¶ 2. He stipulated that he understood that the maximum penalty included a term of imprisonment for a period not to exceed twenty years. Plea Agreement ¶ 3. Mitchell stipulated that he was pleading guilty freely and voluntarily and that it was not the result of force, threats, or promises other than those set forth in the agreement. Plea Agreement ¶ 12. The plea agreement also included the following waiver that relates to the present motion:

> 13. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or plea itself.

The Fifth Circuit upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit observed that it had approved the use of waivers but added that it was inappropriate to enforce a waiver of appeal "tainted by ineffective assistance of counsel." In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. The Fifth Circuit subsequently noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004). More recently, the Fifth Circuit recently observed that "the better practice is to ask expressly if the defendant read and understood the plea agreement." *United States v. Narvaez*, 452 F. App. 488, 492 (5th Cir. 2011).

During the hearing in the present case, the Court fully explored the issue of whether Mitchell was freely and voluntarily pleading guilty and waiving his right to bring a § 2255 motion. Mitchell

specified that his attorney had discussed all of the facts of the case with him. Tr. 17. He specified that he was satisfied that his attorney had fully considered his case, as well as any defenses he might have to the charges. *Id.* The Court reviewed his rights, and Mitchell stated that he understood his rights. *Id.* at 18. Mitchell stated that he understood the nature of the charges against him and the elements of the offense. *Id.* at 20. Mitchell specified that he understood that the maximum penalty included a term of imprisonment of twenty years, a fine not to exceed $250,000 or twice any pecuniary gain to him or loss to any victim, and supervised release of not more than three years. *Id.* at 20-21. He specified that he also understood how the sentencing guidelines would apply to his case and that his sentence was in the sole discretion of the Court. *Id.* at 23.

The terms of the plea agreement were then fully discussed with Mitchell. *Id.* at 23-26. He specified that he understood that he was waiving his right to a proceeding under 28 U.S.C. § 2255. *Id.* at 25. The Court reviewed the two exceptions: (1) any punishment imposed in excess of the statutory maximum, and (2) a claim of ineffective assistance of counsel that affects the validity of the plea itself. *Id.* Mitchell testified that he understood the two exceptions. *Id.* at 26. The Court explored the voluntariness of Mitchell's plea before accepting his guilty plea. Mitchell specified that he was pleading guilty of his own free will because he was guilty. *Id.* at 27. The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Mitchell's statements made in open court provide a strong presumption that his guilty plea and waiver were entered knowingly and voluntarily.

Mitchell's § 2255 motion does not address the waiver provision in the plea agreement. He failed to show that his waiver was not entered knowingly and voluntary. He likewise failed to show that his guilty plea was not entered knowingly and voluntarily. He failed to show that ineffective

8

assistance of counsel affected the validity of the waiver or the plea itself. He likewise failed to show that he received a sentence in excess of the statutory maximum. Overall, he has not shown that the waiver should not be upheld; thus, the § 2255 motion may be denied on that basis alone.

Despite the foregoing, Mitchell argues that he is entitled to relief because he was denied the right to effective assistance of counsel since his attorney, Phillip Lender, represented both himself and Roslyn Long despite a blatant conflict of interest. His claim is governed by *Cuyler v. Sullivan*, 466 U.S. 335 (1980). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348. The Fifth Circuit has recognized, however, that "[j]oint representation does not necessarily create a conflict of interest." *United States v. Rico*, 51 F.3d 495, 508 (5th Cir. 1995). A conflict will exist only "when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2001). The Fifth Circuit has further observed that, "[i]n cases where a defendant demonstrates such a conflict of interest, we ask whether the defendant freely and validly waived his right to representation by a conflict-free counsel." *United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002) (citation omitted). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Id* at 519 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A court must determine whether the defendant had "actual knowledge of the existence of the right or privilege, full understanding of its meaning, and clear comprehension of the consequence of the waiver." *Id.* (citing *Hatfield v. Scott*, 306 F.3d 223, 230 (5th Cir. 2002). A waiver before trial does not reach conflicts that were unforeseen and did not emerge until trial. *Id.* at 522.

In the present case, the Court complied with the duty to inquire about the apparent conflict of interest. The Court scrupulously complied with the duty of determining whether the waiver was entered knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. The waiver was accepted only after a determination was made that these prerequisites were satisfied. Once again, Mitchell's "solemn declarations in open court carry a strong presumption of verity." *Lampazianie*, 251 F.3d at 524. Mitchell has not overcome the presumption of verity. The waiver of the conflict of interest should thus be upheld.

In addition to the foregoing, Mitchell has not shown the existence of an actual conflict in the sense that counsel was compelled to compromise his duty of loyalty or zealous advocacy to him by choosing between or blending his interests with those of Ms. Long. Instead, he merely asserts that "[c]ounsel either did not appreciate the conflict of interest or misled both Mr. Mitchell and the Court to believe there was no conflict." *See* Motion, page 4. He does not support his conflict of interest claim. Instead, he has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). In his reply, he complained that, if the cases had gone to trial, he would have been a witness against her and she would have been a witness against him. Mitchell has shown nothing more than a potential conflict of interest, as opposed to an actual conflict of interest.

In addition to the foregoing, Mitchell has not shown that the existence of a potential conflict of interest had the effect of ineffective assistance of counsel that affected the validity of the waiver or the plea itself. As such, the Court again concludes that the waiver contained in paragraph thirteen of the plea agreement should be enforced.

In conclusion, the motion to vacate, set aside or correct Mitchell's sentence should be denied.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Mitchell has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Mitchell's § 2255 motion on substantive or procedural grounds, nor find that the issues presented

are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the court find that Mitchell is not entitled to a certificate of appealability as to the claims raised.

<u>Recommendation</u>

It is accordingly recommended that Mitchell's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 3rd day of February, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE